UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TONY AND BARBARA PATRINICOLA, <br><br> Plaintiff, <br><br> v. <br><br> NAVY FEDERAL CREDIT UNION, <br><br> Defendant. | CASE NO. 3:23-cv-5137 MJP <br><br> ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendant's Motion for Reconsideration. (Dkt. No. 56.) Having reviewed the Motion, and all other relevant materials, the Court DENIES the motion.

Defendant Navy Federal's Motion is essentially a motion to strike that it brings as a motion for reconsideration. The reason for the motion are three additional documents filed by the pro se Plaintiffs that contain the same allegations of "bribery" that Plaintiffs made previously, and that the Court struck from the record. (See Order Granting Motion to Strike (Dkt. No. 51).) These documents were filed before the Court issued its Order but were not part of the original

motion to strike. Defendant now asks the Court to strike the additional documents that contain the same allegations.

The Court previously held a status conference with the parties on August 15, 2023. Defendant brought up the motion to strike and the bribery allegations during the hearing. The Court informed Plaintiffs that allegations of bribery are serious and confirmed for the record that Defendant has not tried to bribe the Court and that Plaintiffs need to stop making these allegations. Plaintiffs acknowledged their error and apologized to the Court. The Court also issued an oral ruling stating that it would grant the motion to strike and that a written order would follow.

Given the Court's clarification on this issue and the fact that Plaintiffs have not made any such allegations since the hearing the Court DENIES the motion for reconsideration. First, motions for reconsideration are disfavored, and the court will ordinarily deny them absent a showing of manifest error or a showing of new facts or legal authority that could not be brought to its attention earlier. See Local Rule 7(h). That is not the case here. Defendant needed to bring this as a separate motion to strike so that the Plaintiffs would have an opportunity to be heard on the issue. Second, and as previously stated, these filings were made prior to the hearing where the issue was resolved. Striking these is unnecessary.

The clerk is ordered to provide copies of this order to all counsel.

Dated September 5, 2023.

Marsha J. Pechman
United States Senior District Judge