UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TONY AND BARBARA PATRINICOLA, | CASE NO. 3:23-cv-5137 |
| Plaintiff, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| NAVY FEDERAL CREDIT UNION, | |
| Defendant. | |

On August 15, 2023, this Court held a status conference with the parties to discuss the case. (Dkt. No. 53.) During this meeting, the Court held a special master would be appointed to resolve the banking issues in dispute. The Court appointed a special master on August 28, 2023. (Dkt. No. 58.) The Special Master reviewed documents, met with the parties, and wrote a Report and Recommendation ("R&R") (Exhibit A), which she provided to the Court. Having reviewed the R&R, the Court finds the reasoning sound and ADOPTS the R&R.

### A. Background

This case arises out of a dispute between Plaintiffs, Tony and Barbara Patrinicola, and their bank, Navy Federal Credit Union ("Navy Federal"). The Patrinicolas purchased several certificates of deposit ("CD") with Navy Federal. (Compl. at 2 (Dkt. No. 1-2).) The Patrinicolas allege that Navy Federal wrongfully closed accounts, refused to renew certain CD's, and failed to payout funds. (Id.) The Patrinicolas, proceeding pro se, brought an action against Navy Federal seeking return of their moneys, along with other requests for relief. (Id. at 4.)

### B. Appointment of Special Master

The Court met with the parties in person on August 15, 2023 to discuss the case and clarify what the Patrinicolas sought through this action. (Dkt. No. 53.) Specifically, the Court sought to determine whether the Patrinicolas were simply trying to sort out their accounts or if they wished to file a suit for fraud against Navy Federal. (Exhibit B, Hearing Tr. 7:10-18.) Mr. Patrinicola confirmed the goal of this litigation was to "account for the money [he] invested in [the] bank." (Id. at 9:15-16.) Based on this goal, the Court determined that a special master should be utilized to review all of the banking records, and trace the money in each of the Patrinicolas' accounts held with Navy Federal. (Order Staying Case (Dkt. No. 50).) The Court discussed this option with the parties during the in person status conference, and the parties agreed this would be the best path forward. (Hearing Tr. 13:17-14:12; 15:5-23; Response by Navy Federal Confirming Agreement to Appoint Special Master and Share Costs (Dkt. No. 52); Agreement to Appoint Special Master by Tony Patrinicola (Dkt. No. 55).) Further, the parties agreed to be held to the Special Master's decision regarding the records. (Hearing Tr. 14:6-12; 16:17-22; Response by Navy Federal Confirming Agreement.)

1  The Court then appointed Virginia Burdette to serve as the special master. (Dkt. No. 58.)
2  Ms. Burdette serves as a Chapter 7 Trustee, a Chapter 11 subchapter V Trustee, and as the
3  Chapter 12 Trustee for the Western District of Washington. (Order Appointing Special Master at
4  1 (Dkt. No. 58.) The Court ordered Navy Federal to provide every document and correspondence
5  between the bank and the Patrinicolas to the Patrinicolas and the Court so that both could review
6  them, and the Court could pass along the file to Ms. Burdette. (Hearing Tr. 18:13-19:7.) The
7  Court provided Ms. Burdette with all of the documents and correspondence on August 29, 2023.
8  (Exhibit C.)

9  **C.    Special Master's Review and Meeting with Parties**

10  Ms. Burdette reviewed the file and met with the parties on October 10, 2023 to discuss
11  her findings. (R&R at 1-2.) At the conclusion of the meeting, the Patrinicolas continued to assert
12  funds were missing from their accounts. (Id. at 2.) Specifically, they believed they made a
13  $500,000 deposit on September 16, 2022, but Ms. Burdette did not find evidence in the
14  documents to support that claim. (Id.) Following the meeting, Ms. Burdette asked the Court to
15  have the Patrinicolas provide a copy of the front and back of the Chase cashier's check for the
16  $500,000, dated in 2022, as well as a copy of their Chase bank statement for the month of
17  September 2022. (Exhibit D.) Ms. Burdette also asked the Court to have Navy Federal provide
18  the teller receipt for September 16, 2022. (Id.) Navy Federal replied to the request on October 23,
19  2023. (Exhibit E.) When the Court did not hear back from the Patrinicolas, it issued a Minute
20  Order on November 8, 2023 formally ordering the Patrinicolas to provide the requested
21  documentation by November 27, 2023. (Dkt. No. 69.) On November 17, 2023, the Court
22  received an email from the Patrinicolas acknowledging the Minute Order, but still not providing
23  the documentation. (Exhibit F.) Because the deadline passed without the Court receiving the
24

1   requested documents, it asked Ms. Burdette to provide a formal written report and
2   recommendation without the documents. The Court now reviews and adopts the R&R.
3   **D.    The R&R**
4         Ms. Burdette's R&R provides an explanation of her involvement in the case, her meeting
5   with the parties, and an individualized review of each of the Patrinicolas' account with Navy
6   Federal. (See generally, R&R.) Ms. Burdette found that of the two accounts held in Mrs.
7   Patrinicola's name one was a CD for twelve months, which ended on November 12, 2022. The
8   Patrinicolas received the moneys for this account on November 12, 2022. (R&R at 2.) The other
9   CD in Mrs. Patrinicola's name is currently open and active. (Id.) Ms. Burdette then reviewed the
10  five CDs held in Mr. Patrinicola's name. (Id. at 2-3.) Of the five, two are still open and active.
11  (Id. at 3.) The other three are closed – two of which closed after the CD matured and the moneys
12  were paid out. (Id.) The third account was closed shortly after the Patrinicolas opened it, and the
13  check was returned for insufficient funds. (Id.) Finally, Ms. Burdette reviewed the four accounts
14  the Patrinicolas opened on behalf of a trust in their name. (Id. at 3-4.) Of the four accounts, three
15  matured and the moneys paid out to the Patrinicolas, while one is still open and active. (Id.) Ms.
16  Burdette found there were no issues with any of the CDs, open or closed. (Id. 2-4.)
17        With regard to the alleged missing $500,000 cash deposit made on September 16, 2022,
18  Ms. Burdette found that there was no credible evidence to support such a deposit occurred.
19  (R&R 4-5.) The Patrinicolas provided a hand written Chase Bank withdrawal form that appears
20  to have been prepared by them. However, these types of forms are available in bank lobbies, and
21  are not confirmation that any withdrawal occurred. (Id. at 4.) Ms. Burdette reviewed two bank
22  teller transactions dated September 16, 2022, but those transactions were traced back to the
23  Patrinicolas open CDs and do not reflect the opening of any additional CDs. (Id. at 4-5.) And
24

because the Patrinicolas did not provide a copy of the Chase cashier's check for the money or a copy of the Chase bank statement for September 2022, which would support their position, there is nothing to suggest Navy Federal is responsible for any missing moneys or mishandling of the Patrinicolas accounts.

The Court finds Ms. Burdette's review and findings of the accounts is sound and ADOPTS the Report and Recommendation. And because the parties agreed to be held to the Special Master's findings, the Court finds the issues in this case have been resolved and hereby DISMISSES the case with prejudice. Navy Federal's Motion for Summary Judgement (Dkt. No. 35) is DENIED as moot.

The clerk is ordered to provide copies of this order to all counsel.

Dated December 18, 2023.

Marsha J. Pechman
United States Senior District Judge