UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TONY AND BARBARA PATRINICOLA, <br><br> Plaintiff, <br><br> v. <br><br> NAVY FEDERAL CREDIT UNION, <br><br> Defendant. | CASE NO. 3:23-cv-5137 MJP <br><br> ORDER ON MOTION FOR RECONSIDERATION AND TO RECUSE |

This matter comes before the Court on Plaintiffs' Motion for Retrial (Dkt No. 86), and Motion for New Trial and to Remove Judge Pechman from Case (Dkt. No. 87). Having reviewed the motions, the Court interprets them as motions for reconsideration following the Court's Order Adopting Report and Recommendation (Dkt. No. 80), and a motion to recuse, and DENIES the motions.

**BACKGROUND**

Plaintiffs, the Patrinicolas, brought this case against their bank, Navy Federal Credit Union ("Navy Federal") over a dispute regarding certificates of deposits ("CD"). (Compl. at 2.

(Dkt. No. 1-2).) The Patrinicolas alleged Navy Federal wrongfully closed accounts, refused to renew certain CDs, and failed to payout funds. (Id.) The Court met with the parties on August 15, 2023 to discuss the case and clarify what relief the Patrinicolas sought. (Dkt. No. 53.) Following this hearing, the Court appointed a special master to review all of the banking records, and trace the money in each of Plaintiffs' accounts held with Navy Federal. (Order Staying Case (Dkt. No. 50).) Both the Patrinicolas and Navy Federal agreed to be held to the special master's decision regarding the records. (Hearing Tr. 14:6-12; 16:17-22 (Exhibit B to Order Adopting R&R); Response by Navy Federal Confirming Agreement (Dkt. No. 52).)

The Court ordered Navy Federal to provide every document and correspondence between it and the Patrinicolas to both the Patrinicolas and the Court so both could review them, and the Court could provide the file to the special master. (Hearing Tr. 18:13-19:7.) The special master reviewed the file, including documents provided by the Patrinicolas, and met with the parties on October 10, 2023 to discuss. (Exhibit C to Order Adopting R&R; Exhibit A to Order Adopting R&R at 1-2.) Following the meeting, the Patrinicolas continued to assert funds were missing from their account – specifically $500,000 from a deposit made on September 16, 2022. (Ex. A at 2.) The special master did not find evidence of this, but asked the Patrinicolas to provide a copy of the front and back of the Chase cashier's check for the $500,000, as well as a copy of their Chase bank statement for the month of September 2022. (Exhibit D to Order Adopting R&R.) The Patrinicolas never provided this documentation, so the Court reviewed and adopted the special master's Report and Recommendation without them. (Order Adopting R&R at 3-4.)

The Patrinicolas now claim the Court allowed the special master to decide the case without the judge or a trial, that the special master did not consider documents provided by the Patrinicolas, and that this Judge disregarded court procedures and denied the Patrinicolas their

right to a fair trial. (See generally, Dkt. Nos. 86, 87.) The Patrinicolas request a new judge and a new trial. (Id.) The Court interprets this request as a motion for reconsideration and a motion to recuse.

## ANALYSIS

**A.   Motion for Reconsideration**

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule 7(h)(1).

The Patrinicolas base their request on their belief that the special master did not review their records or answer any of their questions. (See generally, Dkt. Nos. 86, 87.) However, the special master reviewed the entirety of the Patrinicolas file with Navy Federal. (Ex. A to Order Adopting R&R at 1.) And following the October 10, 2023 meeting with the parties wherein the Patrinicolas stated they were missing the $500,000 from a purported deposit, the special master requested documentation from the Patrinicolas to demonstrate they made this deposit. (Ex. D to Order Adopting R&R.) The Patrinicolas sent the Court many documents throughout the entirety of this case, but did not provide these specifically requested documents.

The Patrinicolas also misunderstand the Order Adopting the R&R, and appear to have initially understood the Order as coming from the special master, not the Court. The Court clarifies that the Order Adopting the R&R attached the special master's Report and Recommendation as Exhibit A, but Court wrote the Order after it reviewed the report and recommendation and found the review and findings of the account were sound. (Order Adopting R&R at 5.) As such, the special master's findings were reviewed by the Court and the Court based its order on those findings as both parties agreed to be bound by them. (Hearing Tr. 14:6-

12; 16:17-22 (Ex. B to Order Adopting R&R); Response by Navy Federal Confirming Agreement.) Thus, both the Order and the Judgment that followed (Dkt. No. 81) were decided by this Judge.

Because the Patrinicolas have not demonstrated a manifest error by the Court or that new case law has emerged, the Court DENIES the Patrinicolas motion for reconsideration. Additionally, the Court notes that motions for reconsideration must be filed within fourteen days after the order to which it relates is filed. Local Rule 7(h)(2). The Court entered its Order Adopting the R&R on December 18, 2023. As such, the Court finds both motions untimely.

**B.     Motion to Recuse**

"[I]n the absence of a legitimate reason to recuse himself, 'a judge should participate in cases assigned.'" United States v. Holland, 519 F.3d 909, 912 (9th Cir. 2008) (quoting Maier v. Orr, 758 F.2d 1578, 1583 (Fed. Cir. 1985)). But "a judge may not sit in cases in which his 'impartiality might reasonably be questioned.'" Id. (quoting 28 U.S.C. § 455(a)). "If it is a close case, the balance tips in favor of recusal." Id.  Under 28 U.S.C. § 455(b) a judge shall disqualify herself where she has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. The Patrinicolas allege this Judge allowed an unqualified person to decide the case without review from a district court judge, and that this Judge interfered with their right to a trial. (Dkt. No. 187.)

The Court is not convinced recusal is appropriate. As explained above, the Court did not allow an unqualified person to decide the case. Rather the Court appointed a special master who serves as a Chapter 7 Trustee, a Chapter 11 subchapter V Trustee, and as the Chapter 12 Trustee for the Western District of Washington. (Dkt. No. 58.) That special master reviewed the Patrinicolas file, and provided a report and recommendation to the Court. (Ex. A.) That report

and recommendation was reviewed by the Court, and the Court determined the reasoning was sound. The Court then entered an order based upon its review of the report and recommendation. The Court followed proper procedure in this matter and gave the Patrinicolas the opportunity to provide the requested documentation to demonstrate the $500,000 was indeed deposited and is missing from their account. (Dkt. No. 69.) When the Patrinicolas failed to provide that documentation, the Court went ahead and entered its Order Adopting the Report and Recommendation. The Court is not convinced it improperly interfered with the Patrinicolas right to a trial as the Patrinicolas agreed to be bound by the special master's findings. (Hearing Tr. 14:6-12; 16:17-22 (Ex. B to Order Adopting R&R). The Court finds there are no grounds on which to recuse. The Court therefore DENIES the Motion.

In accordance with the Local Rules, this matter is referred to U.S. Chief District Judge David Estudillo for review of Plaintiffs' recusal request and this Court's denial of that request.

The clerk is ordered to provide copies of this order to all counsel.

Dated February 20, 2024.

Marsha J. Pechman
United States Senior District Judge