UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TONY PATRINICOLA et al.,<br><br>            Plaintiff,<br>     v.<br><br>NAVY FEDERAL CREDIT UNION,<br><br>            Defendant. | CASE NO. 3:23-cv-05137-MJP<br><br>ORDER ON MOTION TO RECUSE (DKT. NO. 87) |

This matter comes before the Court on the Honorable Marsha J. Pechman's order (Dkt. No. 91) denying Plaintiff Tony Patrinicola's motion for recusal (Dkt. No. 87).[1]  Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge."

---

[1] Plaintiff filed a motion for a new trial and to remove Judge Pechman from the case. (Dkt. No. 87.) Judge Pechman interpreted this motion in part as a motion to recuse. (Dkt. No. 91 at 1.) Having reviewed the filings and the record, the undersigned likewise considers Plaintiff's motion as one for recusal.

ORDER ON MOTION TO RECUSE (DKT. NO. 87) - 1

Recusal is required if a judge's impartiality might reasonably be questioned or if the judge has a personal bias or prejudice concerning a party. 28 U.S.C. § 455(a), (b)(1). In addition, recusal is required pursuant to § 144 when a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." Critically, bias or prejudice sufficient to warrant recusal must derive from an extrajudicial source. *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Simply put, prior adverse rulings do not suffice as a basis on which to grant recusal. *Id.*; *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983).

Plaintiff's request to remove Judge Pechman is entirely based on her prior judicial decisions. For example, Plaintiff's motion asserts Judge Pechman "decided to select a non qualified Special Master" and that she "totally ignor[ed] the rules of proper court procedures[.]" (Dkt. No. 87 at 1–2.) But bias and prejudice sufficient to warrant recusal do not arise from a judge's prior rulings. *Mayes*, 729 F.2d at 607; *Nelson*, 718 F.2d at 321. As Plaintiff's motion identifies no extrajudicial source of bias or prejudice, the Court AFFIRMS the denial (Dkt. No. 91) of Plaintiff's motion for recusal (Dkt. No. 87).

Dated this 14th day of March 2024.

David G. Estudillo
United States District Judge