UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TONY and BARBARA PATRINICOLA,<br><br>Plaintiffs,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION,<br><br>Defendant. | CASE NO. 3:23-cv-5137 MJP<br><br>ORDER ON MOTIONS TO REMAND |

This matter comes before the Court on Plaintiffs' multiple Motions to Remand. (Dkt. Nos. 96, 97, 99.) Having reviewed the Motions and all supporting materials, the Court DENIES the Motions.

**BACKGROUND**

To help orient Plaintiffs and perhaps resolve some confusion that they have expressed in their filings, the Court reviews the history of this case's resolution and the process by which it was transferred from state court to this federal court.

**A.    History of this Case**

Plaintiffs Tony and Barbara Patrinicola filed this action pro se (without the aid of an attorney) in Pierce County Superior Court. (Complaint (Dkt. No. 1-2).) Plaintiffs filed suit against Navy Federal Credit Union and claimed the credit union wrongfully closed accounts, refused to renew certain certificates of deposit, and failed to pay funds due to Plaintiffs. (Id.)

After the case was transferred from Pierce County Superior Court to the United States District Court for the Western District of Washington at Tacoma, the Court set an in-person hearing with the Parties. (Dkt. Nos. 50, 53.) During the hearing, the Court heard from Plaintiffs about their claims and concerns about the accuracy of Navy Federal's records concerning their accounts. With the Parties' agreement, the Court appointed a "special master" to review Plaintiffs' banking records to determine what funds may have been due to Plaintiffs. (Order Appointing Special Master (Dkt. No. 58).) The Court appointed Virginia Burdette as the Special Master. (Id.) Ms. Burdette serves as bankruptcy trustee for the Western District of Washington. (Id.) The Parties also agreed to be bound by the Special Master's findings about what funds may be due to Plaintiffs, if any. (See Order Adopting Report and Recommendation at 2 (Dkt. No. 80).)

After reviewing materials produced by Plaintiffs and Navy Federal, the Special Master published her Report and Recommendation. (Dkt. No. 80-1 at 2-6.) The Special Master found that "all cash deposits and/or proceeds from CD closures are properly accounted for and supported by Defendant's records." (Id. at 6.) The Special Master recommended that Plaintiffs' request for money owed be denied. (Id. at 6.)

The Court then reviewed the Special Master's Report and Recommendation. The Court found no flaws in the Report and Recommendation and issued an order adopting it on December

18, 2023. (Order Adopting Report and Recommendation at 5 (Dkt. No. 80).) Because the Parties had agreed to be bound by the Special Master's determination, the Court then dismissed the case with prejudice. (Id. at 5.) The Clerk of the Court then entered judgment in Defendant's favor on December 18, 2023. To date, Plaintiffs have not filed an appeal to the United States Court of Appeals for the Ninth Circuit.

**B.      Facts Concerning Transfer from Pierce County Superior Court to this Court**

In this section, the Court looks at the reasons why this case was transferred from Pierce County Superior Court to this Court.

After Plaintiff started this lawsuit, Defendant timely "removed" (or transferred) the lawsuit to this federal trial court—the United States District Court for the Western District of Washington at Tacoma. Defendant was permitted to do so because Congress created a law allowing some lawsuits to be transferred from state court to federal court. 28 U.S.C. § 1441(a). The federal law at issue states that a party may "remove" (or transfer) "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

In order for the transfer to be proper under this federal law, the federal district court must have "original jurisdiction" over the lawsuit. 28 U.S.C. § 1441(a). As is relevant to Plaintiffs' lawsuit, federal district courts have "original jurisdiction" over lawsuits where the amount in controversy exceeds $75,000 and the parties are "citizens" of different states. See 28 U.S.C. § 1332(a). An individual's "citizenship" is generally determined by the state in which they live. For corporations, their citizenship is determined by their "principal place of business," which is

typically the state in which the corporate headquarters are located. 3123 SMB LLC v. Horn, 880 F.3d 461, 465 (9th Cir. 2018).

In transferring this case to this Court, Defendant relied on the "removal" statute the Court has outlined above: 28 U.S.C. § 1441(a). (Def. Notice of Removal (Dkt. No. 1)). Defendant explained that the Court had "original jurisdiction" over this lawsuit because Plaintiffs believed they were owed more than $75,000 and because Plaintiffs and Defendant are citizens of different states. (Id.) As to citizenship, Defendant explained that Plaintiffs are both citizens of Washington, while Defendant is a citizen of Virginia—the state where it maintains its headquarters. (Complaint (Dkt. No. 1-2); Notice of Removal (Dkt. No. 1).)

Plaintiffs had an opportunity to challenge Defendant's decision to remove (or transfer) this case to federal court. Federal law gave Plaintiffs thirty days from the date Defendant removed the case to ask the Court to transfer (or "remand") the case back to Pierce County Superior Court. 28 U.S.C. § 1447(c). But Plaintiffs did not ask the Court to transfer the case back to Pierce County.

Plaintiffs have also expressed confusion about why a federal trial judge from Seattle was assigned to their case when it was transferred to this Court in Tacoma. This confusion is understandable. The assignment to a judge in Seattle happened because the United States District Court for the Western District of Washington had a rule that assigned "[c]ivil cases in the Tacoma division equally and randomly to all the active judges" from both the Seattle and Tacoma divisions. General Order 01-23 (W.D. Wash. Jan. 13, 2023). This rule was in effect when Defendant "transferred (or removed) the case in February 2023. The assignment to a judge in Seattle was therefore proper and appropriate under this General Rule. And the Clerk of Court

randomly assigned the case to the undersigned Judge. But had the case proceeded to trial, the trial would have been held at the United States District Court in Tacoma.

## ANALYSIS

Plaintiffs' confusion as to why this case was transferred from state court to federal court is understandable. The process is complicated. And Plaintiffs do not have an attorney representing them. But the Court has considered the issue carefully. And the Court finds that the removal was proper. See 28 U.S.C. § 1441(a). Defendant's Notice of Removal adequately explained that the Court had "original jurisdiction" over the case because Plaintiffs wanted more than $75,000 and the Parties are citizens of different states. This made the removal permissible and proper under federal law. See 28 U.S.C. § 1441(a). Plaintiffs' have not identified any error in the removal of this lawsuit or a reason why it should be remanded, particularly since the case was long ago dismissed. The Court therefore DENIES Motion to Remand.

Additionally, Plaintiffs' request to remand or transfer this action is not timely. Plaintiffs had to present their challenge to the transfer (or "removal") within thirty days of Defendant's transfer and filing of the Notice of Removal. 28 U.S.C. § 1447(c). This is yet another reason why Plaintiffs' request cannot be granted.

Should Plaintiffs continue to dispute this Court's resolution of their claims, they must file an appeal with the Ninth Circuit Court of Appeals. To do so, Plaintiffs must file a notice of appeal with this Court, using a form available from the Court on its website: https://www.wawd.uscourts.gov/sites/wawd/files/AppealNoticeofCivilAppeal.pdf. Plaintiffs should further consult the Ninth Circuit's practice guide for pro se plaintiffs: https://cdn.ca9.uscourts.gov/datastore/uploads/guides/AppellatePracticeGuide.pdf.

This case shall remain terminated.

The clerk is ordered to provide copies of this order to Plaintiffs and all counsel.

Dated June 13, 2024.

Marsha J. Pechman
United States Senior District Judge